**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-06-105 |
| | § | |
| GILBERTO MADRIGAL III, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Gilberto Madrigal III is charged with the offense of submitting or making a false statement or representation to a government agency, in violation of 18 U.S.C. § 1001(a)(3). Madrigal moves under Federal Rule of Criminal Procedure 7(d) and Federal Rule of Evidence 403 to strike prejudicial surplusage from the indictment and to exclude unduly prejudicial evidence at trial. (Docket Entry No. 10). The government opposes the motion. (Docket Entry No. 12). Based on the motion and response and the applicable law, this court denies the motion to strike and to exclude the evidence at trial. The reasons for this ruling are explained below.

## I. Background

The indictment alleges that on or about May 30, 2003, Madrigal applied for a position with the Transportation Security Administration and filled out a United State Personnel Management Form, Questionnaire for Public Trust Positions. The form included a question asking, "[i]n the last seven years, have you been arrested for, charged with, or convicted of

any offense(s)?" (*Id.*). Madrigal checked the "no" box. (*Id.*). The indictment alleges that his answer was false because Madrigal had been arrested on June 2, 2000 for the offense of possession of a controlled substance. (*Id.*).

Title 18 U.S.C. § 1001(a)(3) makes it illegal to make a materially false statement to a government agency. Madrigal stipulates that he was previously arrested and contends that he was never charged or convicted. (Docket Entry No. 10 at 2). He moves to strike the description of the basis for the prior arrest from the indictment under Federal Rule of Criminal Procedure 7(d) and to exclude evidence as to the basis for the arrest at trial under Federal Rule of Evidence 403. (Docket Entry No. 10).

## II. The Motion to Strike Surplusage

Generally, allegations in an indictment that are unnecessary to prove the crime charged are surplusage. *United States v. Miller*, 471 U.S. 130, 136–37 (1985). Federal Rule of Criminal Procedure 7(d) states that, "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." Language must be "irrelevant, inflammatory, and prejudicial" to be stricken as surplusage. *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (*cited in United States v. Solomon*, No. 00-11210, 273 F.3d 1108, at * 1 (5th Cir. Sept. 21, 2001) (unpublished opinion)). The standard is strict. Courts "rarely grant[] such a motion." *Solomon*, 273 F.3d 1108, at *1 (citing *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971); *United States v. Oakar*, 111 F.3d 146, 157 (D.C. Cir. 1997)); *see also* 1 CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE § 127, at 635–39 (3d ed. 1999) ("It is held that a motion to strike surplusage should be granted only if it is clear

that the allegations are not relevant to the charge and are inflammatory and prejudicial. This is a rather exacting standard, and only rarely has surplusage been ordered stricken.").

When an allegation in an indictment is "sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be." *Solomon*, 273 F.3d 1108, at *1; *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990). Allegations in an indictment that do not charge an element of the charged offense may nonetheless be relevant. *Id.*

The statute under which Madrigal is charged states:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism . . . , imprisoned not more than 8 years, or both.

18 U.S.C. § 1001(a)(3). The elements are: "(1) a statement, that is (2) false (3) and material, (4) made with the requisite specific intent, and (5) within the purview of government agency jurisdiction." *United States v. Puente*, 982 F.2d 156, 158 (5th Cir. 1993) (internal quotations omitted).

The government contends that the basis of the offense for which Madrigal was arrested is "material" under the statute. Materiality is an issue for the jury to determine unless "the case for materiality [is] so weak that no reasonable juror could credit it." *United States v. Gaudin*, 515 U.S. 506, 516–17 (1995). The government argues that the jury cannot evaluate whether Madrigal's statement on the TSA application that he had not been arrested

was material without knowing details about the basis for the arrest. (Docket Entry No. 12 at 2). "A material statement is one that has a natural tendency to influence, or one that is capable of affecting or influencing, a government function." *Puente*, 982 F.2d at 159 (internal quotations omitted).

The question to which Madrigal responded was, "In the last seven years, have you been arrested for, charged with, or convicted of any offense(s)?" The statute requires the government to show that the Transportation Security Administration reasonably would have regarded Madrigal's "no" answer as "important in determining [its] choice of action," whether to hire Madrigal. The nature of the offense for which Madrigal was arrested may be relevant to whether the TSA would consider his denial of any prior arrest material to the hiring decision. Madrigal has not shown that it is clear that the nature of the offense is irrelevant or that the allegations are so prejudicial as to warrant striking under Rule 7(d). The motion to strike is denied.

**III. The Motion to Exclude Evidence**

Madrigal also moves to exclude evidence of the basis for his prior arrest under Federal Rule of Evidence 403, which provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Madrigal relies on *Old Chief v. United States*, 519 U.S. 172 (1997) to support his motion to exclude this evidence. In *Old Chief*, the Supreme Court held that a defendant

charged with being a felon in possession of a firearm could avoid evidence of the nature of the underlying felony by stipulating that he was a previously convicted felon "when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id.* at 174. The Fifth Circuit has expressly noted that the Supreme Court's holding in *Old Chief* is limited to cases involving proof of felon status. *United States v. Cisneros*, 203 F.3d 333, 348 n.14 (5th Cir. 2000) (vacated on other grounds). In *Old Chief*, the Court noted that a prior conviction for a crime similar to the one for which a defendant is charged in a pending case carries an especially high risk of unfair prejudice to the defendant, but that a "prior offense may be so far removed in time or nature from the current [] charge and any others brought with it that its potential to prejudice the defendant will be minimal." 519 U.S. at 185, n.8. The Court also noted that the situation was unique in that the "point at issue [was the] defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* at 190. The Court held that "[g]iven these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." *Id.*

Unlike *Old Chief*, Madrigal's stipulation to his prior arrest would not give the government the probative effect of the official record of that arrest because it would not allow proof as to whether Madrigal's denial of that arrest was material. *See United States*

*v. De Leon*, 170 F.3d 494, 497–98 (5th Cir. 1999) (holding that a defendant's stipulation to being a felon was not sufficient to exclude introduction of his parole document into evidence when the document was probative of an issue in the case—his control of the house in which the document was found). Moreover, the offense for which Madrigal was previously arrested is far different from the offense charged in this case. The probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Madrigal's motion to suppress the evidence is denied.

SIGNED on June 1, 2006.

Lee H. Rosenthal
United States District Judge