IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Government, | § | |
| | § | |
| VS. | § | CRIMINAL  NO. H-06-105 |
| | § | |
| GILBERTO MADRIGAL III, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

### I.    Background

Gilberto Madrigal pleaded guilty in June 2006 to the charge that he violated 18 U.S.C. § 1001(a)(3).  The indictment charged that on or about May 30, 2003, Madrigal applied for a position with the Transportation Security Administration (TSA) and filled out a United States Personnel Management Form, Questionnaire for Public Trust Positions.  The form included a question asking, "In the last seven years, have you been arrested for, charged with, or convicted of any offense(s)?"  Madrigal checked the "no" box.  The indictment alleged that his answer was false because Madrigal had been arrested on June 2, 2000 for the offense of possession of a controlled substance.

In January 2002, Maxaero Security, a private company which then provided security for the Corpus Christi airport, hired Madrigal as a screener.  A background check revealed the June 2000 arrest.  Madrigal's supervisor, Robert Riley, was notified.  In 2003, the TSA took over the security services that Maxaero had supplied and Madrigal applied to be a TSA

employee.   During that process, he gave the false information that is the basis of the

indictment and guilty plea.  Madrigal was hired to work for TSA and Riley became his

supervisor.  Madrigal worked for the TSA until 2006, when a records check revealed his

false answer.

During his rearraignment, Madrigal admitted that these allegations were true.  He also

admitted that the false statement was material because "arrests and veracity are factors that

the TSA . . . considers in making a decision on whether to hire, and this was a matter within

their jurisdiction."  (Docket Entry No. 36 at 2–3).  In October 2006, before sentencing,

Madrigal moved to withdraw his guilty plea.  He does not dispute that his answers were false

but argues that they were immaterial because Riley knew about the undisclosed arrest before

Madrigal began working for the TSA.  Madrigal moves to withdraw his guilty plea because

the lack of materiality in the false information makes him innocent of the crime to which he

pleaded guilty.

## II.    Analysis

There is no absolute right for a defendant to withdraw a plea.  *United States v.*

*Lampazianie*, 251 F.3d 519, 523–24 (5th Cir. 2001).  Instead, Rule 32(e) of the Federal Rules

of Criminal Procedure provides that the district court has discretion to grant a motion to

withdraw a guilty plea before a defendant is sentenced if the defendant shows "any fair and

just reason."  *Id*. at 524 (quoting *United States v. Benavides*, 793 F.2d 612, 616 (5th Cir.

1986)).  A court is to consider the seven factors set forth in *United States v. Carr*, 740 F.2d

339, 343 (5th Cir. 1984).  Those factors are as follows:  (1) whether the defendant asserted

his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the withdrawal motion; (4) whether withdrawal would inconvenience the court; (5) whether adequate assistance of counsel was available; (6) whether the plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Id.* at 343–44. The district court is not required to make findings as to each of the *Carr* factors. Neither is any single factor dispositive; instead, the determination is based on a totality of the circumstances. The burden of establishing a "fair and just reason" for withdrawing a guilty plea rests at all times with the defendant. *Lampazianie*, 251 F.3d at 524.

In the present case, although Madrigal now asserts his innocence, he has not disputed the facts on which the guilty plea was based and he has not shown other facts that if proven would preclude the government from meeting its burden of proving guilt. Title 18 U.S.C. § 1001(a)(3) makes it illegal to make a materially false statement to a government agency. The elements are: "(1) a statement, that is (2) false (3) and material, (4) made with the requisite specific intent, and (5) within the purview of government agency jurisdiction." *United States v. Puente*, 982 F.2d 156, 158 (5th Cir. 1993) (internal quotation marks omitted). The question to which Madrigal responded was, "In the last seven years, have you been arrested for, charged with, or convicted of any offense(s)?" Madrigal stipulates that he was previously arrested but that he answered "no" to the question asking about prior arrests. The statute requires the government to show that the TSA reasonably would have regarded

3

Madrigal's "no" answer as "important in determining [its] choice of action," whether to hire Madrigal.  In his rearraignment, Madrigal agreed that the answer was material.

Madrigal asserts that when he pleaded guilty and admitted to materiality, he did not recall that his supervisor at Maxaero, Robert Riley, who became his supervisor at TSA, knew of the arrest before Madrigal was hired to work at TSA.  The government responds by pointing out that Riley was not involved in the decision to hire Madrigal at TSA.  As a result, there is no basis to conclude that Riley saw Madrigal's application or that anyone at TSA knew that Madrigal had answered the question on the application form falsely.  Even assuming that Riley was aware of Madrigal's prior arrest, that does not show that Riley or TSA was aware that Madrigal had falsely completed the application form when TSA hired Madrigal to work.  The first *Carr* factor does not favor Madrigal.

With respect to the other *Carr* factors, the fact that Madrigal did not assert his innocence or offer either a specific reason or factual underpinnings for withdrawing the plea until four months after the plea was entered provides a basis to discount the belated assertion of innocence and to weigh the delay in favor of denying his motion. *Lampazianie*, 251 F.3d at 524–25.  Other *Carr* factors that weigh against granting the motion are that Madrigal had adequate assistance of counsel and that his plea was knowing and voluntary.  None of the *Carr* factors weigh in favor of granting the motion.

The motion to withdraw the guilty plea is denied.

SIGNED on December 11, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge